OF THE

## STATE OF IOWA

AT

## DES MOINES, SEPTEMBER, 1913 TERM,

AND IN THE SIXTY-SEVENTH YEAR OF THE STATE.

---

BARRETT BIBLER, Plaintiff, v. THE BOARD OF SUPERVISORS OF HAMILTON COUNTY, IOWA, ET AL., Defendants.

**Drainage:** ASSESSMENT: REDUCTION ON APPEAL: EVIDENCE. On appeal
1  from an assessment of benefits resulting from the establishment of a drainage district, the evidence is reviewed and held to sustain the action of the district court in reducing plaintiff's assessment and fixing the limit thereof.

**Same:** APPEAL: WAIVER. Where the district court on appeal by the
2  landowner reduced his assessment, the fact that the supervisors on behalf of the drainage district recognized the order of the court by directing an assessment of plaintiff's land in accordance therewith, issuing bonds for delinquent assessments, and by selling plaintiff's land for unpaid assessments, did not waive the right of the county to appeal from the decision of the district court.

VOL. 162 IA.—1

*Appeal from Hamilton District Court.*—HON. C. G. LEE, Judge.

WEDNESDAY, SEPTEMBER 24, 1913.

IN the district court, this was an appeal by the plaintiff from an assessment of benefits against his land in a drainage proceeding. After trial upon the merits, the district court reduced the assessment. From such order of reduction, the defendants have appealed. *Affirmed.*

*J. M. Blake* and *D. C. Chase,* for appellants.

*Wesley Martin,* for appellee.

EVANS, J.—I. The drainage district involved in the proceeding is long and narrow; the watershed being about one-half mile wide on an average, and approximately three miles

1. DRAINAGE: assessment: reduction on appeal: evidence.

in length. The acreage included is about one thousand acres. The drainage system adopted consists of a covered tile drain, ranging in diameter from fourteen to twenty-four inches. The cost of the enterprise was in round numbers $17,000. The system, therefore, was a very expensive one. On the other hand, its benefits were very marked all along the course of the drain. The defendant is the owner of a quarter section, through which the tile drain was laid. However, less than one hundred and forty acres of this tract is included within the district. The highest assessments in the district were made against the plaintiff's land; one forty-acre tract being charged with $1,420, and another with $1,340.48, and another with $949.98. The plaintiff's land is located near the head of the tile drain as laid; but the head of the water course within the watershed extends about one mile beyond the plaintiff's land. No other one hundred-forty-acre tract was charged even approximately as high. One forty-acre tract in the adjoining

section down the course was charged with $985, and another with $918. The course of the water was toward the south and east. The testimony involved a comparison of benefits of the different tracts assessed. The one question presented to the trial court was whether the amount charged against the plaintiff's land was inequitable and disproportionate as compared with amounts charged to similar tracts, and as compared with respective benefits received.

The amount charged against the plaintiff was equal to an average of more than $30 an acre against all his land in the district. The next highest average charged against any landowner was less than $23. The lands within the district are all contained within sections 20, 21, 28, 27, and 26; the outlet being located in section 26, and the head of the water course in section 20. The total assessment against the plaintiff's land was $4,127. The next highest assessment upon equal acreage was upon the land adjoining him on the southeast lower in the water course. The assessment thereon for equal acreage was less than $3,200. The plat before us is too large to be incorporated in this opinion, and we will not be able to deal with the details of the argument for want of a plat of appropriate dimensions for that purpose.

The trial court reduced the plaintiff's assessment to $3,300. The conclusion of the trial court was based upon the following reasons, which were reduced to writing and filed:

There are on the plaintiff's land 1,960 feet of sixteen-inch tile, and 1,300 feet of eighteen-inch tile. The improvement across his land, according to the engineer's estimate, cost about $2,100. The assessment upon his land is $4,127.30, almost double the cost of the improvement, and more than double the assessment on all the territory added to the district by the changed plans, whereby the improvement was made to cost an additional $5,000. It will be observed from the plat that, while there are a large number of ponds and wet places upon the plaintiff's land, the elevations given by the engineer show that there is a fairly good fall across it.

The elevations at or near station thirty-nine is eighty-five; less than a quarter of a mile farther up it rises three feet; in the next forty, it is two feet higher.

Just east of section 28 is section 27. There is a quarter composed of the north half of the southwest quarter and the south half of the northwest quarter, which, according to the plat, shows about the same amount of wet land as is shown on the plaintiff's land. Of this quarter a few more acres are in the district. This quarter has nine hundred feet more of the improvement on it. The tile across it are from two to four inches larger in diameter. It is so located that all the water from plaintiff's land discharges across it. Had plaintiff a mind to so do, he, considering the elevation of his land, as shown by the plat, could have drained a considerable portion of his farm upon this quarter.

The elevation, however, of this quarter in section 27 shows that the waterway is level, or, rather, there is a back fall of two-tenths of a foot. The elevation near the center of the section being eighty-two and six-tenths, and a half mile up the course on the Reed land being eighty-two and four-tenths. It is evident that this quarter was helpless without an improvement of the kind afforded the district. The total cost of the improvement on this quarter was $3,973.20, according to the engineer's estimate. The assessment on this land is $3,248.22. Because of the low elevation of this quarter, the fact that there is nine hundred feet more of the improvement upon it and a larger tile, that the engineer's plat shows approximately as much wet land, that the swamp land was actual swamp because of the flat and level condition of the water course, and considering the further fact that, because of the difference in elevation on the plaintiff's land, much of it could be reclaimed without the improvement, I am satisfied that the unit, or 100 per cent, forty should be found in the land on section 27, rather than on plaintiff's land.

My conclusion is that the system followed by the commissioners, and approved by the board, omitted a consideration of the elevation of the lands, without which the classification of swamp, wet, and dry lands is misleading; that the methods followed omitted a consideration of the quantity of water to which the estate was servient; and that where tile drains are used this is an important element to be considered. By reason of the failure of the commissioners to consider these elements,

the assessment is too low upon the lands through which the improvement passes near the outlet. It is also too low upon the lands at a comparatively low elevation with the improvement; the computation produced a result which was inequitable and unfair to the plaintiff. The court cannot make a new assessment, and raise the assessments that are too low. The only thing it can do is to reduce plaintiff's assessment to what it would be if the entire assessment was equitably made.

We think the foregoing discussion by the trial judge is a fair analysis of the evidence in the record. We do not, however, commit ourselves to that part of the discussion which seems to point out the particular tracts which should hereafter bear the additional assessment because of the reduction of the plaintiff's assessment. That is a matter which must necessarily be left open for the board of supervisors in the final adjustment. It is enough for the purpose of this case to find that the assessment of the plaintiff was too high, and to fix the limit of such assessment. The comparison instituted between the assessments charged against the plaintiff's land and those charged against other lands is appropriate; but the adjudication in this case can go no farther than to settle the limit of the plaintiff's assessment.

II. The appellee has filed a motion to dismiss the appeal, and the same has been submitted with the case. The grounds of the motion are that, after the trial in the district court, the

2. SAME: appeal: waiver.

board of supervisors on behalf of the drainage district proceeded according to statutory methods, and caused drainage bonds to be issued for the amount of all unpaid assessments, and that it recognized the order of the district court, and ordered the assessment against the plaintiff in accordance with the order of the district court. It is also shown that, upon the failure of the plaintiff to pay said installments when due, the county treasurer caused his land to be sold for such unpaid installments, and that plaintiff was compelled to redeem from such tax sale.

The argument is that the proceedings of the board of supervisors and the county treasurer are inconsistent with the exercise of the right of appeal, and that resort thereto terminated the right of appeal.

The motion to dismiss must be overruled. We think the showing presents no inconsistency in the conduct of the public officers. Under the statute they were bound to proceed in the manner stated. In such proceedings they recognized the order of the district court as binding upon them until reversed, and this they were bound to do. If they could not save their right of appeal without holding all other proceedings in abeyance, pending such appeal, the practical effect would be to deprive them of the right of appeal altogether. The appellee is in no manner prejudiced by the proceedings adopted by the public officers pending the appeal. As relating to the action of the county treasurer, such officer is not a party to the proceeding. And if he were, we can see no fair reason why the pendency of the appeal should excuse the appellee from paying the installments concededly due in accordance with the assessment ordered by the district court, and which he is defending in this court.

Appellee's motion to dismiss the appeal is overruled, at the appellee's cost. The finding and order of the district court, in so far as it orders a reduction of the assessments against the plaintiff's land, and fixes the amount of the same, is *Affirmed*.